UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:14-CR-4-2-R

UNITED STATES OF AMERICA PLAINTIFF

V

DEMARIO CENTEL MAXIE (2) DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Demario Maxie's motion for disclosure. (Docket #47). The United States of America has responded. (Docket #51). The matter is now ripe for adjudication. For the reasons set forth below, Defendant's motion (Docket #47) is GRANTED in part and DENIED in part.

DISCUSSION

Defendant requests (1) the names and addresses of all witnesses the Government intends to call; (2) a complete copy of those witnesses' criminal records; (3) a description of any consideration being offered in exchange for those witnesses' testimony; (4) the name and criminal history of any confidential informant; and (5) the names of all persons in the chain of custody related to collecting and storing evidence.

The Sixth Circuit "has firmly established that defense counsel is not entitled to know in advance of trial who will testify for the government." *United States v. McCullah*, 745 F.2d 350, 353 (6th Cir. 1984) (collecting cases). Similarly, since the Government intends to call a confidential informant as a witness, the Government is not required to disclose their identity prior to trial. *United States v. Perkins*, 994 F.2d 1184, 1190-90 (6th Cir. 1993) (distinguishing between the cases in which the confidential informant does or does not testify).

The Government does not object to providing exculpatory and impeachment evidence,

but does object to the scope of Defendant's request for information, such as the request for a "detailed description of every incident that any law enforcement agency had made contact with the Confidential Informant resulting in the identification of controlled substance, drug paraphernalia or weapons." (Docket #47, 51).

The "suppression by the prosecution" of material evidence "favorable to an accused upon request violates due process." *Brady v. Maryland*, 373 U.S. 83 87 (1963). *Brady* and its progeny define the scope of the Government's obligation to "turn over material that is both favorable to the defendant and material to guilt or punishment." *United States v. Bencs*, 28 F.3d 555, 560 (6th Cir. 1994). *Brady* does not demand that the prosecutor "deliver his entire file to defense counsel," instead requiring only that he "disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." *United States v. Presser*, 844 F.2d 1275, 1281 (6th Cir. 1988) (*quoting United States v. Bagley*, 473 U.S. 667, 675 (1985)). Exculpatory and impeaching evidence must be produced "in time for use at trial." *Id*. at 1285. "Where impeachment evidence of Government witnesses falls within the ambit of the Jencks Act and *Brady*, the information may be withheld until after the witness's testimony." *United States v. Thompson*, 2014 U.S. Dist. LEXIS 129047 *5 (W.D. Ky. 2014).

Therefore, to the extent Defendant seeks disclosure of the identity of government witnesses, confidential informants, and exculpatory and impeachment evidence at this time, that request is denied. However, the Court "strongly encourages early disclosure" and "trusts that the Government will make any as-yet undiscovered *Brady* or Jencks Act material available to defense counsel in a timely and professional fashion 'in time for [their] "effective" use at trial.'" *Thompson*, 2014 U.S. Dist. LEXIS 129047 *5-6 (*quoting Presser*, 844 F.2d at 1283).

Finally, the Government does not address Defendant's request for the names of all persons in the chain of custody related to collecting and storing evidence. To the extent this request does not impinge on the Government' ability to withhold the names of witnesses until trial, this request shall be granted.

CONCLUSION

For the foregoing reasons, Defendant's motion for disclosure (Docket #47) is GRANTED to the extent it seeks the names of all persons in the chain of custody related to collecting and storing evidence. Defendant's remaining requests are DENIED.

Thomas B. Russell, Senior Judge
United States District Court

December 8, 2014