UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:14-CR-00004-TBR

**FILED**
VANESSA L. ARMSTRONG, CLERK
DEC 16 2014
U.S. DISTRICT COURT
WEST'N DIST. KENTUCKY

**UNITED STATES OF AMERICA**

v.

**DEMARIO CENTEL MAXIE**

# JURY INSTRUCTIONS

# INTRODUCTION

Members of the jury, it is now time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every criminal case. Then I will explain the elements, or parts, of the crimes that Defendant Demario Centel Maxie is accused of committing.

You have two main duties as a juror. The first is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the Government has proved the Defendant's guilt beyond a reasonable doubt. It is my job to instruct you about the law. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes any instructions that I gave you during the trial and these instructions. All the instructions are important and you should consider them together as a whole. The attorneys may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

### Presumption of Innocence, Burden of Proof, Reasonable Doubt

As you know, the Defendant has pleaded not guilty to the crimes charged in the Indictment. The Indictment is not any evidence of guilt. It is just the formal way that

the Government tells the Defendant what crimes he is accused of committing. It does not even raise a suspicion of guilt. Instead, the Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that the Defendant is innocent. This presumption of innocence stays with the Defendant unless the Government presents evidence here in court that overcomes the presumption and convinces you beyond a reasonable doubt that he is guilty.

This means that the Defendant has no obligation to present any evidence at all or to prove to you in any way that he is innocent. It is up to the Government to prove that the Defendant is guilty, and this burden stays on the Government from start to finish. You must find the Defendant not guilty unless the Government convinces you beyond a reasonable doubt that he is guilty.

The Government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

### Evidence Defined

You must make your decisions based only on the evidence that you saw and

heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decisions in any way. The evidence in this case includes only what the witnesses said while they were testifying under an oath, the exhibits, and the stipulations that I allowed into evidence. Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said. These things are not evidence, and you are bound by your oath not to let them influence your decisions in any way. Make your decision based only on the evidence, as I have defined it here, and nothing else.

### Direct and Circumstantial Evidence

You have heard the terms "direct evidence" and "circumstantial evidence." "Direct evidence" is simply evidence like the testimony of an eyewitness that, if you believe it, directly proves a fact. For example, if a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining. "Circumstantial evidence" is simply a chain of circumstances that indirectly proves a fact. For example, if someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial

evidence. The law makes no distinction between the weight you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### Defendant's Election Not to Testify

The Defendant has an absolute right not to testify. The fact that the Defendant did not testify cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the Government to prove the Defendant guilty beyond a reasonable doubt. It is not up to the Defendant to prove that he is innocent.

### Weighing the Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion. In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, but any inference you make must be based on the evidence in the case.

### Objections at Trial

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those

rules are designed to make sure that both sides receive a fair trial. Do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

### Credibility of Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. You may consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. Then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

### Effect of Stipulation

A stipulation is an agreement between the parties that there is no factual dispute as to the matter. Both parties agree that this fact is true. Because the parties agree that there is no dispute as to this fact, they have presented this fact to you in the form of a stipulation. You should consider this stipulation as binding and conclusive.

### Number of Witnesses

One more point about the witnesses. Sometimes jurors wonder if the number of

witnesses who testified makes any difference. Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

## Deliberations and Verdict

Upon retiring to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court. You will take these instructions to the jury room, and when you have reached a unanimous agreement, you will have your foreperson fill in, date, and sign your answers.

Some of you have taken notes during the trial. An individual juror may use notes to refresh his or her memory of evidence presented at trial, but those notes should not be relied upon as definitive fact or as evidence. Juror notes have no greater weight than memory, and note-aided and non-note-aided memory are of equal significance. Jurors should not be influenced by another juror's notes.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages: do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are

finished.

You must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, or through any blog or website, including Facebook, Google Plus, MySpace, LinkedIn, or YouTube. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

It is your duty as jurors to consult with one another and deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Your verdict, whether it is not guilty or guilty, must be unanimous. That is, all twelve (12) members of the jury must agree on any answer to the question and verdict. To find the Defendant guilty of a particular charge, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves the Defendant's guilt beyond a reasonable doubt. To find the Defendant not guilty, every

one of you must agree that the Government has failed to convince you beyond a reasonable doubt. Either way, not guilty or guilty, your verdict must be unanimous.

## Punishment

If you decide that the Government has proved the Defendant guilty, then it will be my job to decide what the appropriate punishment should be. Deciding the appropriate punishment is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the Government has proved the Defendant guilty beyond a reasonable doubt.

Let me finish by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 1

**Two Counts**

The Defendant has been charged with two counts. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge and to return a separate verdict for each one. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the Defendant is guilty of that particular charge. Your decision on one charge, whether it is not guilty or guilty, should not influence your decision on any of the other charges.

## INSTRUCTION NO. 2

### "On or About"

The Indictment charges that the crime happened "on or about" each of the dates alleged in Counts 7 and 8. The Government does not have to prove that the crime happened on those exact dates. But the Government must prove that the crime happened reasonably close to that date.

## INSTRUCTION NO. 3

### Verdict Limited to Charges Against this Defendant

Remember that the defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 4

### Possession of Firearm by Convicted Felon

The Defendant is charged in Counts 7 and 8 with violations of 18 U.S.C. § 922(g)(1), which charge the defendant with being a convicted felon in possession of a firearm. Count 7 charges that on or about December 1, 2010, in Christian County, the Defendant Demario Centel Maxie being a convicted felon knowingly possessed a firearm. Count 8 charges that on or about December 6, 2010, in Christian County, the Defendant Demario Centel Maxie being a convicted felon knowingly possessed a firearm. For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First: That the defendant has been convicted of a crime punishable by imprisonment for more than one year. The parties have stipulated that, prior to December 1, 2010, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year.

(B) Second: That the defendant, following his conviction, knowingly possessed a firearm specified in the indictment. Exhibits 4, 5, and 6 are the firearms specified in Count 7 of the indictment. Exhibits 12, 13, 14, and 15 are the firearms specified in Count 8 of the indictment.

(C) Third: That the specified firearm crossed a state line during or prior to the alleged possession. It is sufficient for this element to show that the firearm was manufactured in a state other than Kentucky. The parties have stipulated that the firearms at issue in this case had been manufactured

outside the state of Kentucky and have been transported in interstate commerce.

Now I will give you more detailed instructions on some of these elements. The term firearm means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The parties have stipulated that each weapon in this case meets the definition of a firearm.

The term knowingly means voluntarily and intentionally, and not because of mistake or accident.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on that charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of that charge.

## INSTRUCTION NO. 5

### Actual and Constructive Possession

Next, I want to explain something about possession as used in Instruction No. 4. The government does not necessarily have to prove that the defendant physically possessed the firearm for you to find him guilty of this crime. The law recognizes two kinds of possession – actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

To establish actual possession, the government must prove that the defendant had direct, physical control over the firearm, and knew that he had control of it.

To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the firearm, and knew that he had this right, and that he intended to exercise physical control over firearm at some time, either directly or through other persons.



For example, if you left something with a friend intending to come back later and pick it up, or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, of course, is all for you to decide.

## INSTRUCTION NO. 6

### Joint Possession

One more thing about possession as used in Instruction No. 4. The government does not have to prove that the defendant was the only one who had possession of the firearm. Two or more people can together share actual or constructive possession over property. And if they do, both are considered to have possession as far as the law is concerned.

But remember that just being present with others who had possession is not enough to convict. The government must prove that the defendant had either actual or constructive possession of the firearm, and knew that he did, for you to find him guilty of this crime. This, again, is all for you to decide.

# INSTRUCTION NO. 7

## Verdict Form

I have prepared a verdict form for each of the offenses charged in that indictment that you should use to record your verdict.

If you decide that the government has proved the charges against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Your foreperson should sign each form, put the date on the form, and return each form to me.