# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION

UNITED STATES OF AMERICA

v.                                                          No. 5:14-cr-4-BJB-2

DEMARIO CENTEL MAXIE

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Demario Centel Maxie is serving a 180-month sentence for possessing firearms as a previously convicted felon. Citing an admirable desire to raise his son and evidence of rehabilitation and education while incarcerated, Maxie has filed a pro se motion seeking an amended judgment to limit his time in prison by running his state and federal sentences concurrently. But because Maxie failed to provide any legal basis in support of this relief, and because the Court lacks jurisdiction to amend the judgment, the Court denies his motion.

Law-enforcement officers arrested Maxie, a previously convicted felon, after confidential informants purchased firearms from him. Presentence Investigation Report (DN 78) at 5–6. In December 2014, a jury found Maxie guilty of firearm possession and aiding and abetting possession of a firearm as a convicted felon. *See* Judgment (DN 87) at 1; 18 U.S.C. § 922(g)(1). Because he qualified as an Armed Career Criminal, Maxie's minimum term of imprisonment was 15 years and his maximum term was life. 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). The sentencing guidelines ranged from 235 to 293 months. Presentence Investigation Report at 22. The Court ultimately sentenced Maxie to 180 months in prison to run consecutively to undischarged state-court sentences. *See* Judgment at 3. Maxie claims he began serving a state sentence in 2011—and was therefore already in custody for years before his federal conviction and sentence. But he now objects that he did not begin receiving credit for time served against his 15-year federal sentence until December 2016. Motion (DN 159) at 1 ("I've been incarcerated since August 2011, however my federal sentence didn't begin until December 2016."). He has moved pro se to run the state and federal sentences concurrently—essentially to recalculate his federal time served as if it began in 2011. Motion (DN 159) at 1.

1

A court generally may not modify a prison sentence by revisiting a final judgment years after its entry. *See United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008) ("The authority of a district court to resentence a defendant is limited by statute. Specifically, 18 U.S.C. § 3582(c)(1)(B) provides in relevant part that a 'court may not modify a term of imprisonment once it has been imposed except ... to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'") (citation omitted). Maxie's motion does not seek a modification under Rule 35 or any statute. *See* FED. R. CRIM. P. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."); *see also United States v. Zabawa*, 134 F. App'x 60, 67 (6th Cir. 2005) (Rule 35(a)'s time period is jurisdictional). Nor does he identify any error made by the sentencing judge in imposing a consecutive sentence as part of his original hearing and judgment. *See* 18 U.S.C. § 3584. Further, Maxie doesn't mention any changes in the sentencing guidelines or make an argument that "extraordinary and compelling" factors provide a basis for a reduced term of imprisonment. *See* 18 U.S.C. § 3582(c)(1)–(2). Indeed, after Maxie filed this motion he filed a separate compassionate-release motion under 18 U.S.C. § 3582(c)(1)(A), which remains pending and may offer a more suitable procedural vehicle for his arguments. DN 166.

All this motion asks is that the Court "possibly consider backdating [his] federal sentence to run concurrent with [his] state sentence" so he can take care of his son. Motion at 1. But this Court lacks jurisdiction to revisit the sentencing judge's determination to run these sentences consecutively with his state sentence. When a sentencing judge first imposes a sentence, he or she generally has discretion under the law to impose either a concurrent or consecutive term of imprisonment. 18 U.S.C. § 3584; *see also* U.S.S.G. § 5G1.3. But § 3584 "does not provide this court with any authority to substantively alter a sentence …." *United States v. Silliman*, No. 3:07-cr-97, 2010 WL 2584197, at *1 (W.D. Ky. June 23, 2010) (quoting *Wilson v. United States*, 969 F. Supp. 1054, 1057 (E.D. Mich. 1997)). Indeed, the Sixth Circuit has explained that district courts in this position lack jurisdiction to amend a defendant's sentence to run concurrently with a state sentence. *See Zabawa*, 134 F. App'x at 67. So regardless of the persuasiveness of the reasons Maxie offers in support of concurrent rather than consecutive sentences, the Court lacks authority to offer Maxie that sort of relief at this time. *See United States v. Galvan–Perez,* 291 F.3d 401, 406–07 (6th Cir. 2002) (noting that a sentencing judge may not use Rule 35 to alter a discretionary decision merely because he later had a "change of heart") (citation omitted).

2

**ORDER**

The Court denies Maxie's motion to run his state and federal sentences concurrently.  DN 159.